OCCIDENT FIRE INS. CO. v. LINN. (No. 7406.)

(Court of Civil Appeals of Texas. Dallas. Oct. 16, 1915.)

1. APPEAL AND ERROR &#9758;770 — REVIEW — BRIEFS.

Under court rule 40 (142 S. W. xiv) an appellant's brief may be accepted as a proper presentation of the case, without examination of the record contained in the transcript, where appellee files no brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107; Dec. Dig. &#9758;770.]

2. INSURANCE &#9758;669 — FIRE INSURANCE—ACTIONS—EVIDENCE.

Where there was testimony by a second-hand piano dealer that he had examined the instrument insured for $400, and considered its market value in the neighborhood from $150 to $200, and it did not appear whether the time referred to was before or after the fire, a requested charge that, the market value of the instrument not having been shown, plaintiff could not recover, was properly denied; it being as fair to assume that the testimony referred to the condition of the instrument after the fire as before.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Dec. Dig. &#9758;669.]

3. INSURANCE &#9758;658—FIRE INSURANCE—ACTIONS—EVIDENCE.

Testimony as to the condition of the insured property more than 8½ months after the fire is inadmissible in an action on a fire policy, without a showing that the condition was the same then as immediately after the fire.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1689, 1690, 1694; Dec. Dig. &#9758; 658.]

---

4. APPEAL AND ERROR ☜1067—TRIAL ☞ 208—REFUSAL OF INSTRUCTIONS.

Where the court erroneously denied a motion to strike incompetent evidence, the refusal of a charge to disregard such evidence was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ☜1067; Trial, Cent. Dig. § 504; Dec. Dig. ☜208.]

5. INSURANCE ☜658—FIRE POLICIES—ACTIONS—EVIDENCE.

Where a piano was insured against fire, evidence in an action on the policy as to the cost of repairing its internal mechanism was improperly received, where there was no showing of that sort of damage.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1689, 1690, 1694; Dec. Dig. ☜658.]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by W. C. Linn against the Occident Fire Insurance Company, begun in justice court, and appealed by defendant to county court. From a judgment there for plaintiff, defendant appeals. Reversed and remanded.

Crane & Crane, of Dallas, for appellant.

TALBOT, J. The appellee has filed no brief in this case, and we copy from appellant's brief the following statement of the nature and result thereof: W. C. Linn, appellee, as plaintiff, instituted a suit against appellant, the Occidental Fire Insurance Company, of Albuquerque, N. M., in the justice court, precinct No. 1, Grayson county, Tex., upon a policy of insurance in the sum of $400, issued by appellant to his wife, Mrs. W. C. Linn, covering an upright Ellington piano located in appellee's residence in Sherman, Tex. He prayed for judgment for $165 damages alleged to have been caused by fire and water to the piano in a fire which occurred on August 1, 1913, together with attorney's fees. Appellant admitted that the policy was issued and that a fire occurred, but denied that the damages sustained to the piano amounted to $165. Trial before a jury in the justice's court resulted in judgment on April 21, 1914, for appellee in the sum of $125, and attorney's fees, to which appellant excepted, and gave notice of appeal to the county court of Grayson county, Tex. Appeal bond was duly filed within the time allowed by law. In the county court the pleadings of the parties were the same as in justice's court, plaintiff praying for $165 damages and attorney's fees, and defendant denying the amount of damage. The cause was tried before a jury, and resulted in a verdict for plaintiff in the sum of $134, and the court entered judgment accordingly. Motion and amended motion for a new trial were filed within the time required by law, which were by the court in all things overruled, to which the defendant excepted, and gave notice of appeal to this court.

[1] Appellee having failed to file in this court any brief, we are authorized to regard appellant's brief, under rule 40 prescribed by the Supreme Court (142 S. W. xiv), as a proper presentation of the case without an examination of the record as contained in the transcript.

[2] The first assignment of error presented in appellant's brief complains that the trial court erred in refusing to give the following special charge requested by it:

"The undisputed evidence shows that the piano covered by the policy sued on had a market value at Sherman, Tex., at the time the fire occurred. Plaintiff's measure of damages therefore is the difference between the market value of the piano immediately before the fire and immediately after it was damaged. There being no evidence as to what the market value of the piano was immediately after the fire, you are instructed that plaintiff has failed to prove the amount of his damage. You will therefore find a verdict for the defendant."

The assignment asserts the refusal of this charge was error:

"Because the undisputed evidence showed that the piano in controversy had a market value in Sherman, Tex., at the time the fire occurred, and the plaintiff's measure of damages was the difference between the market value of same immediately before the fire and immediately after the fire, which is more fully set out in defendant's bill of exception No. 5."

The evidence quoted in the statement under this assignment in support of the contention that there was no testimony showing what the market value of the piano was immediately after the fire is as follows: J. F. Kohler testified:

"I am in the piano business, tuning and selling, and have been for about 30 years at Sherman. I buy and sell and trade pianos, and handle secondhand pianos. * * * I examined the piano in Mr. Linn's house. It was an Ellington piano, made by the Baldwin Company, of Cincinnati. * * * I considered the market value of that piano in the neighborhood of $150 or $200. That is what would be a fair price for it."

The testimony of the witness Kohler, as thus quoted in appellant's brief, does not show at what time he regarded the market value of the piano in question to be $150 or $200. It will be observed that he says he examined the piano in Mr. Linn's house, but it does not appear whether this was before or after the fire which is charged to have damaged the piano; neither does it appear that in speaking of the market value of the piano he had reference to its market value before or after the fire. For aught the statement shows, he may have had reference to the market value of the piano immediately after the fire which the plaintiff claims damaged it. It is certainly just as reasonable to conclude that he was speaking of the value of the piano after the fire as that he was speaking of it before the fire. Indeed, the inference is stronger, we think, that he was speaking of the value of the piano after the fire. In this attitude of the testimony the appellant has not sustained its assignment asserting that there was no evidence showing the market value of the piano im-

mediately after the fire. In view of the condition of the evidence as thus pointed out, we would not be authorized to say, as against the ruling of the court, that there was no evidence showing the market value of the piano immediately after the fire, and the assignment must be overruled.

[3] Appellant's second assignment of error is as follows:

"The court erred in overruling and in refusing to sustain defendant's motion to exclude from the consideration of the jury all the testimony of the witness William Weiss as to the condition of the piano involved on the date of his examination of same, and the amount it would take to replace same in the condition it was before the fire, because the evidence clearly showed that such examination was made some 8½ months after the fire which damaged the piano, and there was no evidence in the record that the condition of the piano at the time of such examination was the same as it was immediately after the fire, because the evidence of such condition at the time of such examination was too remote to be evidence of the condition of said piano immediately after the fire; all of which is more specifically set out in defendant's bill of exception No. 1."

The proposition advanced under this assignment is that:

"The testimony as to the condition of a chattel of a witness who made an examination of same 8½ months after it had been damaged by fire is not admissible upon the issue of the amount of damage occasioned by the fire to show its condition immediately after the fire, in the absence of proof that its condition at the time of such examination was the same as it was immediately after the fire."

This assignment must be sustained. Appellant states a correct proposition of law under it, and purports to set forth in support of the assignment all the testimony bearing upon the question raised. This testimony shows that the witness Weiss made an examination of the piano 8 or 8½ months after the fire which damaged it, and there appears no evidence whatever showing or tending to show that the piano was in the same condition at the time of such examination as it was immediately after the fire. Without such evidence proof of the condition of the piano at the remote period of 8 or 8½ months after the alleged date of its injury for the purpose of showing the extent of the injury to it and the amount of plaintiff's damages in consequence thereof was inadmissible. In this connection, based upon the condition the piano was in when examined, the witness was permitted to state that it would cost $75 to repolish and place the piano in first-class condition. It not appearing that the condition of the piano at the time it was examined by this witness was the same as it was immediately after the fire, the testimony complained of by appellant should have been excluded.

[4] In addition to its motion to have this testimony excluded, appellant sought by a requested special charge to have it withdrawn from the consideration of the jury. This charge was refused by the court, and its re-

fusal is made the basis of appellant's third assignment. Having refused to exclude the testimony upon appellant's motion made for that purpose, the denial of this charge was material error.

[5] It is also assigned that the court erred in permitting the witness O. L. Guinn to testify that it would cost $25 to $50 to buy or replace the inner action of upright grand Ellington pianos, and that it would cost about $45 to restring an upright grand Ellington piano, and in refusing to sustain appellant's motion to exclude the testimony of said witness that it would cost "about $5 extra to put in new tuning pins in an upright Ellington piano." Appellant contends and asserts, as propositions under the several assignments of error complaining of the foregoing rulings of the court, that there was no evidence showing that either the inner action or the strings or the tuning pins of the piano was damaged by the fire in question. The assignments complaining of the foregoing rulings of the court should, in our opinion, be sustained. Taking the statements of appellant as correctly presenting the evidence offered, there was, as contended by appellant, no evidence showing that either of the parts of the piano to which the testimony objected to related was damaged by the fire alleged to have caused injury to it. There being no such evidence, the admission of the testimony complained of was prejudicial error, and requires a reversal of the case. To correct the errors here referred to the appellant requested the court to charge the jury as follows:

"There being no evidence in the record in this cause as to what particular parts of the interior of the piano covered by the policy in suit were damaged, you are instructed that the court erred in permitting the witness O. L. Guinn to testify as to what the cost of replacing the 'action,' the cost of restringing same, and the cost of replacing the tuning pins of said piano would be, and you will disregard said testimony in arriving at your verdict."

The court refused this charge, and its refusal is assigned as error, upon the ground that there was no evidence in the record that the inner action, strings, or tuning pins were damaged by the fire. There being no such evidence, and the court having erred in admitting the testimony complained of, and having refused to strike it out upon motion of appellant, it was error to refuse the charge.

The judgment is reversed, and the cause remanded.